IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TED STONE**                                                                     **PETITIONER**

**V.**                                                            **NO. 1:14-CV-147-DMB-RP**

**CHRISTOPHER B. EPPS**                                          **RESPONDENT**

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This petition for habeas corpus is before the Court on Ted Stone's motion for a certificate of appealability. Doc. #32.

**I**
**Procedural History**

On May 22, 2017, this Court entered an order adopting the Report and Recommendation issued by United States Magistrate Judge S. Allan Alexander, which recommended that Ted Stone's petition for writ of habeas corpus be dismissed with prejudice. Doc. #28. The Court issued a final judgment the same day. Doc. #29. On July 5, 2017, Stone filed a notice of appeal, Doc. #31, and a motion for a certificate of appealability, Doc. #32.

**II**
**Analysis**

"Under the Antiterrorism and Effective Death Penalty Act, a certificate of appealability (COA) must issue before a habeas petitioner can appeal the district court's refusal to grant the writ." *Prystash v. Davis*, 854 F.3d 830, 835 (5th Cir. 2017) (citing 28 U.S.C. § 2253(c)(1)(A)). To be entitled to a COA, a petitioner "must make a substantial showing of the denial of a constitutional right, ... and must show that the accuracy of the district court's conclusions is subject to debate among jurists of reason." *Cardenas v. Stephens*, 820 F.3d 197, 201 (5th Cir. 2016).

In his motion, Stone argues that this Court ignored certain facts and that the deficiencies with his petition identified by the Report and Recommendation and the order of adoption were caused by the ineffectiveness of his counsel, both during the underlying state court proceedings and in this habeas action.

First, the alleged facts identified by Stone are either incorrect or irrelevant to the Court's conclusions.

Next, while a post-conviction counsel's ineffectiveness may excuse a *procedural default* in some circumstances, *see Martinez v. Ryan*, 566 U.S. 1, 10–12 (2012), Stone cites no authority for the proposition that alleged ineffectiveness of counsel can excuse a petitioner from the requirements of proving his case. Because this Court did not find any of Stone's claims to be procedurally defaulted, his arguments regarding ineffectiveness of his counsel do not call into question the merits of this Court's conclusions.

Accordingly, the Court concludes that Stone has not shown that the dismissal of his petition would be subject to debate among reasonable jurists. Therefore, his motion for a certificate of appealability [32] is **DENIED**.

**SO ORDERED**, this 4th day of August, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**