# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**TED STONE**                                                                            **PETITIONER**

**V.**                                                 **NO. 1:14-CV-147-DMB-RP**

**CHRISTOPHER B. EPPS**                                              **RESPONDENT**

## ORDER

This civil rights action filed by pro se prisoner Ted Stone is before the Court on remand from the Fifth Circuit Court of Appeals for a determination of the timeliness of Stone's notice of appeal. Because Stone timely deposited his notice of appeal with prison officials, the notice of appeal is timely.

## I
## Procedural History

On May 22, 2017, this Court entered an order and separate final judgment dismissing Stone's federal habeas petition with prejudice. Docs. #28, #29. Stone acknowledged receipt of the final judgment on June 1, 2017. Doc. #30.

On July 5, 2017, this Court received a notice of appeal from Stone. Doc. #31. The notice of appeal is dated June 21, 2017, and includes a postage stamp dated July 1, 2017.

On October 24, 2017, the Fifth Circuit issued an order observing that, pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the final day for Stone to file a timely notice of appeal was June 21, 2017. Doc. #36. The Fifth Circuit noted that "[a] prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing." Finding that "it cannot be determined from the record in this case

whether the petitioner delivered the notice of appeal to prison officials for mailing on or before June 21, 2017," the Fifth Circuit remanded the case to this Court for such a determination.

Following remand, United States Magistrate Judge Roy Percy ordered the parties to "submit mail logs, affidavits, and/or additional information relevant to the timeliness" of Stone's notice of appeal. Doc. #37. On October 26, 2017, the respondent submitted an affidavit of Gia N. McLeod, the Director of the Inmate Legal Assistance Program ("ILAP") for the Mississippi Department of Corrections ("MDOC"), along with the "complete log of all mail sent out through the ILAP office for Inmate Ted Stone MDOC #160170 between June 1, 2017, and July 31, 2017." Doc. #38-1.

On or about November 2, 2017, Stone filed an "Interim Response to Court Order." Doc. #40. In this response, Stone claims that, considering the computation of time under the Federal Rules of Civil Procedure, his notice of appeal was timely because it was delivered for mailing within thirty days of the date he actually received notice of the Court's judgment. On the same date he filed his interim response, Stone also filed a motion seeking to compel ILAP to notarize his affidavit and submit documents. Doc. #41.

On November 6, 2017, Magistrate Judge Percy denied Stone's motion to compel and ordered Stone to submit a declaration under penalty of perjury "setting forth the date that his notice of appeal was deposited in the prison's mail system[.]" Doc. #42. Eight days later, the Court received from Stone a "Response to Court Order," Doc. #43; an "Objection to State's Response," Doc. #44; and a motion to appoint counsel, Doc. #45.

## II
## Relevant Facts

Stone's response includes an affidavit which avers that, on Sunday June 18, 2017, he submitted a written form to ILAP requesting that ILAP pick up his notice of appeal. Doc. #43 at

2

2–3.  This written request by Stone represents that the deadline for filing the notice of appeal was June 21, 2017.  *Id.* at 3.

According to Stone, ILAP picks up legal mail the Wednesday following the date of a pickup request.  *Id.* at 2.  Under this schedule, Stone's notice of appeal should have been picked up Wednesday, June 21, 2017, the notice of appeal deadline.  However, ILAP refused to pick up Stone's notice of appeal based on a belief that the deadline was not until July 1, 2017.  *Id.*

On June 21, 2017, Stone "presented" the notice of appeal to "Officer Benson," the supervising guard on duty, for Benson to mail.  Doc. #43 at 3 & Ex. B.  Benson refused but, at Stone's request, agreed to call the director of ILAP to request that Stone's notice of appeal be picked up.  Doc. #43 at 3 & Ex. B.  Officer Benson called the ILAP director and left a message.  Doc. #43 at 3 & Ex. B.  However, as stated in McLeod's affidavit, the notice of appeal was not deposited in the mail until Thursday, June 29, 2017.  Doc. #38-1.

**III**
**Analysis**

"[A] timely filed notice of appeal is a jurisdictional prerequisite to [appellate] review." *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) (second alteration in original) (quoting *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994)).  Typically, a notice of appeal must be filed within thirty days after entry of the judgment or order from which the appeal is taken.  Fed. R. App. P. 4(a)(1)(A).  "Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing." *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009).  Notably, the rule applies when a prisoner attempts to mail a document "in a manner consistent with the mail regulations, [but] … was prevented from doing so because … officials wrongfully returned it …." *Medley v. Thaler*, 660 F.3d 833, 834 (5th Cir. 2011).

3

Here, Stone avers that on June 18, 2017, he, consistent with prison procedure, requested a pickup of his notice of appeal, with such pickup to occur on June 21, 2017. Stone further avers that his pickup request was rejected based on prison officials' error regarding the applicable deadline and that after this rejection, he presented his wrongfully-rejected notice of appeal to the only prison official on duty. Under these circumstances, the Court concludes that Stone is entitled to application of the mailbox rule and that, therefore, his notice of appeal is timely. *See Thaler*, 660 F.3d at 834.

## IV
## Conclusion

Stone's notice of appeal is timely because it was timely deposited with prison officials. The Clerk of the Court, therefore, is **DIRECTED** to return this case to the Fifth Circuit Court of Appeals for further proceedings.

**SO ORDERED**, this 21st day of November, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**